UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SANAT V. SANGHANI, M.D., LLC | CIVIL ACTION NO. 1:15-CV-02887 |
| VERSUS | CHIEF JUDGE DRELL |
| UNITED HEALTHCARE SERVICES, INC., *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I.   Background

Before the Court is a complaint for payment of healthcare benefits, pursuant to ERISA and Louisiana state law, filed by Plaintiff Sanat V. Sanghani, M.D. ("Sanghani").[1] The named defendants are The Associates' Health and Welfare Plan ("The Plan"), a health and welfare employee benefit plan sponsored by Wal-Mart Stores, Inc. for the benefit of its employees; and United Healthcare Services, Inc. ("United Healthcare"), The Plan administrator. The Plan was established pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

Sanghani contends he provided healthcare services to a patient ("S.R."), which were covered under The Plan. Sanghani contends that S.R. assigned Sanghani her right to benefits under The Plan for services rendered. Sanghani further contends that, although he is not a preferred provider under The Plan, he had "gap approval"

---

[1] This action was originally filed in the Louisiana Ninth Judicial District Court pursuant to La.R.S. 22:182, and was removed to this Court by Defendant United Healthcare Services, Inc.

from United Healthcare. However, United Healthcare ignored the Gap Approval Agreement and only paid a portion of Sanghani's bill, deeming him an "out of network" provider. Sanghani seeks to enforce the assignment of rights and recover the cost of services, $ 5,310.82, with unpaid benefits due under The Plan, as well as penalties, attorney fees, interest, and costs. In the alternative, Sanghani seeks recovery from United Healthcare pursuant to La. C.C. Article 2315, alleging the "gap approval" process constituted a promise to pay benefits[2] that induced Sanghani to provide services, which United Healthcare apparently did not intend to pay for as agreed.

United Healthcare removed the case on the basis of ERISA preemption and filed a motion to dismiss, which was denied. United Healthcare filed a second motion to dismiss or for summary judgment (Doc. 26), alleging that Sanghani failed to exhaust his administrative remedies under ERISA. That motion is now before the Court for disposition.

II. **Law and Analysis**

    A. **Standards governing the Motion to Dismiss pursuant to 12(b)(6).**

A motion to dismiss an action pursuant to Fed.R.Civ.P. Rule 12(b)(6), for failure to state a claim admits the facts alleged in the complaint, but challenges the plaintiff's right to relief based upon those facts. See Crowe v. Henry, 43 F.3d 198,

---

[2] The state law claim is specifically limited to rights that Sanghani may have acquired outside the terms of the Plan – through an extra-contractual "gap approval" process – as a result of representations made to Sanghani by United Healthcare.

203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231 (1994); Doe, 753 F.2d at 1102. The factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. See Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C. Cir. 1985). The Court must presume that general allegations embrace the specific facts that are necessary to support the claim. See National Organization for Women, Inc. v. Scheidler, 510 U.S. 249 (1994) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)).

### B. Sanghani failed to plead or show exhaustion of his administrative remedies pursuant to ERISA.

United Healthcare contends Sanghani failed to plead or show exhaustion of his administrative remedies pursuant to ERISA.

Claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits. In the ERISA context, the exhaustion requirement is jurisprudentially mandated, see Denton v. First National Bank of Waco, 765 F.2d 1295, 1297 (5th Cir. 1985), and is not a prerequisite to a federal court's jurisdiction, Hager v. Nationsbank, 167 F.3d 245, 248 n. 3 (5th Cir. 1999). A plaintiff must exhaust administrative remedies where the grievance upon which the lawsuit is based arises from some action of a plan covered by ERISA, and the plan is capable of providing the relief sought by the

3

plaintiff.  See Chailland v. Brown & Root, Inc., 45 F.3d 947, 950 (5th Cir. 1995); see also Wilson v. Kimberly-Clark Corp., 254 Fed.Appx. 280, 285 (5th Cir. 2007).  In the Fifth Circuit, ERISA exhaustion is an affirmative defense.  See Crowell v. Shell Oil Co., 541 F.3d 295, 308-09 & n.57 (5th Cir. 2008); Wilson, 254 Fed.Appx. at 286.  A complaint alleging an ERISA claim is therefore not subject to dismissal under Rule 12(b)(6) because it fails to allege facts disproving a possible affirmative defense of exhaustion.  See Wilson, 254 Fed.Appx. at 287.

Sanghani states in his complaint that he filed a claim with United Healthcare, which was rejected.  Sanghani does not allege any further efforts to collect from United Healthcare.

United Healthcare shows, in an affidavit by Jane Stalinski, a "Legal Case Information Analyst" for United Healthcare, that he has reviewed United Healthcare's files related to S.R. and found there was no grievance or appeal filed by or on behalf of S.R. (Doc. 26-3).  United Healthcare further shows the plan is capable of providing the relief sought by Sanghani through the "Appeals and Claims" process (Doc. 26-2).  Sanghani has not opposed United Healthcare's motion to dismiss or attempted to show he exhausted his administrative remedies.

Accordingly, Sanghani's ERISA claims should be dismissed without prejudice for lack of exhaustion.

C. <u>Sanghani's state law claim should be dismissed without prejudice.</u>

United Healthcare also argues that Sanghani's state law claim pursuant to La.C.C. Article 2315 should be dismissed for failure to plead a cause of action for fraud or negligent misrepresentation with sufficient particularity.

Sanghani set forth his state law claim against United Healthcare in his amended complaint as follows (Doc. 22):

> 10.
> When there is no Preferred Provider of a suitable specialty within a convenient distance to an area in which a plan member lives and a suitable specialist who is not a preferred provider is conveniently located, it is customary for an insurer or Administrator to grant "gap approval." Gap Approval is the practice of temporarily, or on an "ad hoc" basis, agreeing to treat a non-preferred healthcare provider as a Preferred Provider for both payment of service purposes and plan benefit purposes. That is, the plan member will not suffer the consequences of using an "out-of-network" or non-preferred provider because the PPO did not have a suitable provider within a convenient distance to the plan member.
> 11.
> When "Gap Approval" is granted, the non-preferred physician agrees to accept the patient and his insurance coverage under the condition that the same portion of his bill will be paid by the insurer or plan as if he were a Preferred Provider.
> 12.
> Prior to providing treatment to S. Richards, plaintiff, SANAT V. SANGHANI, MD, LLC, ("SANGHANI") secured gap approval from UNITED because SANGHANI is not a member of UNITED's or any other pertinent PPO. However, when SANGHANI submitted its bill, UNITED refused to pay pursuant to the gap approval agreement and, instead, only paid a lower portion of SANGHANI's bill insisting that SANGHANI was "out-of-network," a tactic commonly employed by UNITED, across multiple plans….
> 14.
> In the alternative, and in the event that no Plan benefits are due pursuant to the terms of the plan, SANGHANI seeks recovery from UNITED for its gap approval process that constituted a promise to pay benefits that induced SANGHANI to provide services that UNITED knew would not be paid. This bait and switch tactic caused SANGHANI

5

>to reasonably conclude that it would be paid for services and to rely upon UNITED to secure payment for such services as administrator of the Plan. Thus, UNITED is personally responsible for its own negligent or intentional acts, under La. C.C. Art. 2315, for causing SANGHANI to provide services that were not covered and for the payment for those services.

In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. See Fed.R.Civ.P. Rule 9(b). The amount of particularity required for pleading fraud differs from case to case. See Benchmark Elec., Inc. v. J.M. Huber Corp., 343 F.3d 719, 724 (5th Cir.2003), modified on other grounds, 355 F.3d 356 (5th Cir. 2003); see also Williams v. WMX Techs., Inc., 112 F.3d 175, 178 (5th Cir. 1997) (noting that "courts have emphasized that Rule 9(b)'s ultimate meaning is context-specific"). In the Fifth Circuit, the Rule 9(b) standard requires specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent. Plotkin v. IP Axess, Inc., 407 F.3d 690, 696 (5th Cir. 2005).

United Healthcare contends that Sanghani failed to specify the "who, what, when, where, and how" as to his claim of fraud and/or negligent misrepresentation. However, the limited portions of Sanghani's complaint quoted in United Healthcare's brief omitted the paragraphs setting forth the admittedly limited details of his claim. Sanghani has (barely) stated: (1) who–United Healthcare; (2) what-an agreement to pay for Sanghani's services at the higher, in-network provider rate; (3) when–before

6

Sanghani provided medical services to S.R.; (4) where–in Alexandria, Louisiana; and (5) how–though United Healthcare's gap approval process.

Although Sanghani did not name a specific person employed by United Healthcare, United Healthcare cites securities fraud case law. In such cases, people still deal with individuals in brokerage firms. See Bamburg v. ZAxis Onshore LP, 2009 WL 1579512 (W.D. La. 2009).

In health insurance cases, medical care providers employ insurance "specialists," who speak over the phone with a coterie of unseen, first-name-only, customer-service-related representatives employed by insurance companies to handle pre-admission coverage issues by telephone. The doctors (and their office employees) never meet the insurance company's, or health care plan administrator's, customer service specialists. Many such representatives are employed to handle such telephone calls, and last names are not normally given. Given the type of case involved herein, Sanghani has adequately pleaded the facts of his case that he believes constitute fraud or misrepresentation.

Accordingly, United Healthcare's motion to dismiss Sanghani's state law claims for fraud and/or misrepresentation (Doc. 26) should be denied.

However, the court's dismissal of Sanghani's ERISA claims makes dismissal, without prejudice, of his state law claim proper. District courts have "supplemental jurisdiction" over claims so related to a federal question "that they form part of the same case or controversy." See 28 U.S.C. §1367(a); see also Rodriguez v. Pacificare of Texas, Inc., 980 F.2d 1014, 1018-19 (5th Cir.), cert. den., 508 U.S. 956 (1993);

Whalen v. Carter, 954 F.2d 1087, 1097 (5th Cir. 1992). When there is a subsequent narrowing of the issues, such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished. See Spear Marketing, Inc. v. Bancorp South Bank, 791 F.3d 586, 592 (5th Cir. 2015). The decision as to whether to retain the pendent claims lies within the sound discretion of the district court. See Brown v. Southwestern Bell Telephone Co., 901 F.3d 1250, 1254 (5th Cir. 2015). When all claims that conferred original jurisdiction are dismissed, it is the general rule that a district court may decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3); Priester v. Lowndes County, 354 F.3d 414, 425 (5th Cir. 2004). In deciding whether to exercise supplemental jurisdiction, the court must consider judicial economy, convenience, fairness, and comity. See Metropolitan Wholesale Supply, Inc. v. M/V Royal Rainbow, 12 F.3d 58, 61 (5th Cir. 1994).

The Court should decline to exercise pendent jurisdiction over Sanghani's remaining state law claims. Sanghani chose to file his suit in a state court, from which it was removed by United Healthcare. Remand of Sanghani's state law claims will afford him an opportunity to fully exhaust his claims under ERISA, and re-urge his state law claim in this Court later, if he re-files his ERISA claim. Finally, neither this Court nor the state court have invested substantial judicial resources in this case. Sanghani's remaining claim sounds in Louisiana tort law, and pertains to the insurance industry, which is traditionally regulated by Louisiana law. Therefore, Sanghani's state law claims should be remanded to the Louisiana Ninth Judicial

District Court, where Sanghani may decide whether and when he will pursue them. See Powell v. Strategic Outsourcing, Inc., 2009 wl 746253, *6 (S.D. Tex. 2009).

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that United Healthcare's motion to dismiss Sanghani's claims (Doc. 26) be GRANTED IN PART AND DENIED IN PART; that Sanghani's ERISA claims be DISMISSED WITHOUT PREJUDICE for lack of exhaustion; and that Sanghani's state law claim be REMANDED to the Louisiana Ninth Judicial District Court.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_6th\_\_ day of March, 2017.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Joseph H.L. Perez-Montes
　　　　　　　　　　　　　　　　　　United States Magistrate Judge